**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Elise Porter, individually and on behalf of) No. CV 09-2479-PHX-JAT
the estate of Earl Ray Lappe, )
                      ) **ORDER**
          Plaintiff, )
                      )
vs. )
                      )
                      )
Arizona Department of Corrections, et al.,)
                      )
          Defendant. )
                      )
_____)

      Pending before the Court is Defendants' Partial Motion to Dismiss (Doc. # 6).[1] For

the reasons that follow, the Court grants in part and denies in part Defendants' motion.

**I.    Background**

      Plaintiff Elise Porter is the surviving mother of Earl Ray Lappe, who was murdered

while in ADOC's custody on November 13, 2008. On this date, the inmates in D-pod were

being released for recreation. Certain of the inmates gained entry to Lappe's cell. The

audible alert that sounds when a cell door is not secured was either malfunctioning or turned

off. Lappe was found in his cell, lying on the floor and suffering from multiple stab wounds.

Plaintiffs further allege that Defendants, upon finding Lappe, unreasonably delayed in

_____

      [1] Defendants Arizona Department of Corrections ("ADOC"), State of Arizona
("State"), Charles Ryan, and Robert Nyswaner filed the present motion to dismiss. All
remaining Defendants have filed joinders in the motion to dismiss.

1    providing medical care to Lappe.  Eventually, a nurse arrived on the scene as well as the

2    Buckeye Fire Department.  Lappe was pronounced dead at 1:22 PM.

3          Plaintiff Elise Porter, individually and on the part of the estate of Lappe, filed the

4    present action in Maricopa County Superior Court, alleging five causes of action: 1)

5    negligence against all Defendants; 2) gross negligence against all Defendants; 3) violation

6    of 42 U.S.C. § 1983 for unconstitutional policies, customs, and a failure to train against

7    Defendant Ryan, White, Curran, Conn, ADOC, and the State; 4) violation of 42 U.S.C. §

8    1983 for deliberate indifference to safety requirements against all ADOC employee

9    Defendants; and 5) violation of 42 U.S.C. § 1983 for loss of consortium against all

10   Defendants.  Defendants timely removed to this Court and now seek to dismiss certain of

11   Plaintiffs' claims.

12   **II.      Analysis**

13   *A.      Legal Standard*

14         To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet

15   the requirements of Federal Rule of Civil Procedure 8(a)(2).  Rule 8(a)(2) requires a "short

16   and plain statement of the claim showing that the pleader is entitled to relief," so that the

17   defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell*

18   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

19   (1957)).

20         To survive a motion to dismiss, a complaint must contain sufficient factual matter,

21   which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v.*

22   *Iqbal*, 129 S.Ct. 1937, 1949 (2009).  Facial plausibility exists if the pleader pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable for

24   the misconduct alleged.  *Id*.  Plausibility does not equal "probability," but plausibility

25   requires more than a sheer possibility that a defendant has acted unlawfully.  *Id*.

26         In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts

27   alleged in the complaint in the light most favorable to the drafter of the complaint and the

28   Court must accept all well-pleaded factual allegations as true.  *See Shwarz v. United States*,

1  234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true

2  a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286

3  (1986).

4  B.    *ADOC as a Named Party*

5        Defendants argue that ADOC cannot be sued because it is a non-jural entity. Citing

6  "settled" Arizona case law and contrasting it with governmental agencies that are expressly

7  authorized to sue and be sued, Defendants argue that the ADOC cannot be sued because it

8  has not received express authority to sue or be sued. Plaintiffs apparently concede that

9  ADOC is not a proper party to this lawsuit because Plaintiffs fail to respond to Defendants'

10  argument. The Court has reviewed the case law and does not find a basis for suggesting that

11  ADOC is a jural entity. For this reason, coupled with Plaintiffs' failure to respond on this

12  point, the Court will grant Defendants' motion as it pertains to ADOC.

13  C.    *Hinojosa as a Named Party*

14        Defendants argue that "Defendant Hinojosa is not specifically mentioned in any

15  paragraph of the Complaint. It is therefore impossible to ascertain why he has been named

16  as a Defendant and what actions Plaintiff claims he took or failed to take." (Doc. # 9 at p.

17  2.) Plaintiffs do not address this argument, but state only that "Officer Hin[o]josa was

18  assigned the Accountability Movement Officer on the day Mr. Lappe was killed, and he

19  admits that he permitted decedent inmate Earl Lappe and his brother to be housed in the same

20  yard, in violation of Department Order 801." (Doc. # 19 at p. 3.) It is not clear how

21  Defendant Hinojosa's assignment of Accountability Movement Officer or the permitting of

22  Lappe and his brother to be housed in the same yard pertain to Plaintiffs' claims. In any

23  event, Plaintiffs have failed to allege any unlawful act on the part of Defendant Hinojosa.

24  Merely listing Defendant Hinojosa as a named defendant does not give Defendant Hinojosa

25  "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S.

26  at 555. The Court therefore dismisses Defendant Hinojosa without prejudice.

27  D.    *Counts I & II*

28        Defendants do not dispute that Plaintiffs have properly alleged negligence and gross

1  negligence claims against the State. However, Defendants argue that state law precludes a

2  tort action against all ADOC employees.

3  The Arizona legislature provided the following direction concerning who may be sued

4  in tort for actions caused by ADOC employees: "Any and all causes of action which may

5  arise out of tort caused by the director, prison officers or employees of [ADOC], within the

6  scope of their legal duty, shall run only against the state." A.R.S. § 31-201.01(F). It is clear

7  that the allegations that form the basis for Plaintiffs' Counts I and II involve conduct by

8  ADOC employees, acting within the scope of their legal duty, that caused the alleged torts.

9  Hence, Plaintiffs may only assert such tort claims against the State.

10  Nevertheless, Plaintiffs argue that A.R.S. § 12-820.02 provides an avenue for holding

11  the individual defendants liable in tort. Section 12-820.02 provides that "[u]nless a public

12  employee acting within the scope of the public employee's employment intended to cause

13  injury or was grossly negligent, neither a public entity nor a public employee is liable for .

14  . . [a]n injury caused by a prisoner to any other prisoner . . . ." The Court first notes that

15  Section 12-820.02 only applies to intentional injury and gross negligence claims, and, hence,

16  would not save Plaintiffs' ordinary negligence claim. In any event, the Court finds Plaintiffs'

17  argument unavailing.

18  Section 12-820.02 is under the heading of qualified immunity for all State employees.

19  However, Section 31-201.01(F) applies strictly and specifically to ADOC employees. It is

20  thus clear that the Arizona legislature intended to treat claims against ADOC employees

21  differently than claims against other State employees. With this understanding in mind, the

22  Arizona legislature mandated that Section 31-201.01(F) apply to "[a]ny and all causes of

23  action which may arise out of tort." Negligence and gross negligence clearly arise out of tort.

24  Although Section 12-820.02 provides that a State employee may be sued for gross negligence

25  where a prisoner is injured by another prisoner, in the context of ADOC employees, Section

26  31-201.01(F) specifically limits such causes of action to run only against the State. Given

27  the limitation that "any and all" causes of action arising out of tort for the actions of ADOC

28  employees may only be brought against the State, Plaintiffs' reliance upon Section 12-820.02

- 4 -

1　fails.[2]

2　*E.　Counts III, IV, & V*

3　　　In Counts III through V, Plaintiffs allege violations of 42 U.S.C. § 1983.　Only a

4　person whose constitutional rights were violated may sue for such violations.　*See Smith v.*

5　*City of Fontana,* 818 F.2d 1411, 1417 (9th Cir. 1987), *overruled on other grounds by*

6　*Hodgers-Durgin v. De La Vina*, 199 F.3d 1037 (9th Cir. 1999).　The allegations under Counts

7　III and IV pertain mostly to violations of Lappe's constitutional rights.　Given that Lappe is

8　deceased, Lappe's estate may bring a cause of action for the alleged violations of his

9　constitutional rights to the extent Arizona law authorizes a survivor action.　42 U.S.C. §

10　1988(a); *Smith*, 818 F.2d at 1416-17.　Arizona law provides that such causes of action may

11　only be brought by the personal representative of Lappe's estate.　A.R.S. § 14-3110; *Gandy*

12　*v. U.S.*, 437 F.Supp.2d 1085, 1086-87 (D. Ariz. 2006).　Plaintiff Elise Porter admits in her

13　response that she has yet to file for status as the personal representative of Lappe's estate.

14　As such, to the extent Counts III and IV contain claims for violations of Lappe's

15　constitutional rights, the Court dismisses such claims without prejudice and with leave to

16　amend once a personal representative of Lappe's estate is appointed.

17　　　The Court will next address Plaintiff Elise Porter's claims for unlawful deprivation

18　of continued association with Lappe.　The Ninth Circuit has held that "parents can challenge

19　under section 1983 a state's severance of a parent-child relationship as interfering with their

20　liberty interest in the companionship and society of their children." *Smith*, 818 F.2d at 1418.

21　The same allegations that give rise to Lappe's constitutional claims based on his loss of life

22　also give Plaintiff Elise Porter a constitutional claim based on her loss of his companionship.

23　*Id.* at 1420.

24　　　In their motion to dismiss, Defendants seek to dismiss the Section 1983 claims against

25

26　　　[2] For the same reasons, Plaintiffs' reliance on *Wilson v. Maricopa County*, 463
27　F.Supp.2d 987 (D. Ariz. 2006) is misplaced.　*Wilson* involved an action against Maricopa
County, the Maricopa County Sheriff's Office, and various Maricopa County Sheriffs.
28　*Wilson* did not involve ADOC employees nor the application of Section 31-201.01(F).

1   Defendants Ryan, Nyswaner, Larson, and Thompson.  Defendant Ryan is the director of

2   ADOC; Defendants Larson and Thompson are the warden and deputy warden, respectively,

3   of the prison where Lappe was killed; and Defendant Nyswaner is a lieutenant in the ADOC

4   system.  All such Defendants occupy supervisor status for Section 1983 purposes.

5          Under Section 1983, supervisory officials are not liable for actions of subordinates on

6   any theory of vicarious liability.  *Hansen v. Black,* 885 F.2d 642, 645-46 (9th Cir. 1989).

7   Supervisory liability under Section 1983 exists, however, if the official implements a policy

8   so deficient that the policy itself is a repudiation of constitutional rights and is the moving

9   force behind the constitutional violation.  *Id.* at 646 (internal citations and quotations

10  omitted).  Likewise, a supervisor may be liable for the actions of a subordinate if the

11  supervisor had knowledge of violations and failed to act to prevent them. *Taylor v. List,* 880

12  F.2d 1040, 1045 (9th Cir. 1989).  To state a claim for supervisory liability, a Section 1983

13  plaintiff must establish a causal connection between a supervisor's act or omission and the

14  constitutional deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743-44 (9th Cir. 1978).

15         The Court finds that Plaintiffs have adequately alleged a Section 1983 claim against

16  Defendants Ryan, Larson, Thompson, and Nyswaner.  Plaintiffs do not allege any personal

17  participation of any of these four Defendants in the events leading up to Lappe's death.

18  However, Plaintiffs have alleged a sufficient causal nexus between Defendants' alleged

19  omissions and the untimely death of Lappe.  Plaintiffs alleged that it was generally known

20  that inmates could gain entry to any cell by placing a broom handle under the cell door and

21  lifting up on the cell door.  This is not a mere legal conclusion, but a factual allegation this

22  Court is required to assume the validity of in a Rule 12(b)(6) proceeding.  As alleged, such

23  knowledge alone on the part of the Defendants constitutes an omission sufficient for Section

24  1983 liability.  Moreover, Plaintiffs alleged that Defendants have a policy or custom of not

25  properly operating the audible alarm.  The audible alarm is designed to sound if a cell door

26  is not secured.  However, Plaintiffs allege that Defendants either have the feature turned off,

27  or have allowed for its continuing malfunctioning. Further on this point, Plaintiffs allege that

28  one of the Defendant officers received on the job training without reference to the audible

1  alarm. Such a factual allegation is supportive of Plaintiffs' claim that Defendants had a

2  policy of not using the audible alarm system. At this stage of the proceedings, given how the

3  Court must view Plaintiffs' factual allegations, the Court will not dismiss Plaintiff Elise

4  Porter's constitutional claim.

5      Because the same allegations that give rise to Lappe's constitutional claims also give

6  rise to Plaintiff Elise Porter's constitutional claim based on her loss of Lappe's

7  companionship, *Smith*, 818 F.2d at 1420, in the context of Plaintiff Elise Porter's

8  constitutional claim, the Court finds that Plaintiffs have adequately alleged a Section 1983

9  claim.

10  *F.    Qualified Immunity*

11      Defendants assert that Defendants Ryan And Nyswaner are entitled to qualified

12  immunity. "Government officials are given qualified immunity from civil liability under §

13  1983 'insofar as their conduct does not violate clearly established statutory or constitutional

14  rights of which a reasonable person would have known.' " *Jensen v. City of Oxnard,* 145

15  F.3d 1078, 1085 (9th Cir. 1998) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

16  Plaintiffs allegations as discussed above–that Defendants were aware that inmates could gain

17  access to other cells and that the audible alarm was disabled or malfunctioning–invalidate

18  Defendants qualified immunity defense. Assuming the truthfulness of Plaintiffs' allegations,

19  such knowledge and omissions on the part of Defendants violate clearly established

20  constitutional rights that a reasonable person would have known. Such allegations pose

21  serious security risks and threats to inmate safety, and a reasonable person would have been

22  aware that such risks violated clearly established constitutional rights under the Eighth and

23  Fourteenth Amendments. Defendants asserted qualified immunity fails at this stage of the

24  proceedings.

25  **III.   Conclusion**

26      For the reasons discussed above, Defendants ADOC and Hinojosa are dismissed from

27  this action. Because of the mandates of A.R.S. § 31-201.01(F), Plaintiffs claims in  Counts

28  I and II may only be brought against the State.  To the extent Counts III and IV contain

1  claims for violations of Lappe's constitutional rights, the Court dismisses such claims

2  because no personal representative of Lappe's estate has been appointed.  Finally, with

3  respect to the remaining allegations in Plaintiffs Counts III through V that pertain to Plaintiff

4  Elise Porter's constitutional violations, the Court denies Defendants' motion.

5  The Court also notes that Rule 15 provides that a party may amend its pleading once

6  as a matter of course.  FED R. CIV. P. 15(a)(1) (A).  "A motion to dismiss is not a 'responsive

7  pleading' within the meaning of the Rule.  Neither the filing nor granting of such a motion

8  before answer terminates the right to amend; an order of dismissal denying leave to amend

9  at that state is improper. . . ."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

10  1393, 1401 (9th Cir. 1986) (quotations omitted).  If a court dismisses a complaint for failure

11  to state a claim, "leave to amend should be granted unless the court determines that the

12  allegation of other facts consistent with the challenged pleading could not possibly cure the

13  deficiency." *Schreiber Distrib.,* 806 F.2d at 1401.  In this case, the Court finds that the

14  defects with respect to Hinojosa and the claims for violations of Lappe's constitutional rights

15  could be cured as discussed above.  As such, the Court will grant leave to amend on these

16  two points.

17  Accordingly,

18  **IT IS ORDERED** that Defendants' Partial Motion to Dismiss (Doc. # 6) is granted

19  in part and denied in part.

20  **IT IS FURTHER ORDERED** that Defendant Arizona Department of Corrections

21  is dismissed as a party to this action.

22  **IT IS FURTHER ORDERED** that Defendant Raul Hinojosa is dismissed without

23  prejudice as a party to this action.

24  **IT IS FURTHER ORDERED** that the claims in Counts I and II are dismissed

25  against all Defendants save the State of Arizona.

26  **IT IS FURTHER ORDERED** that to the extent Counts III, IV, and V contain claims

27  for violations of Earl Ray Lappe's constitutional rights, the Court dismisses such claims

28  without prejudice as discussed above.

1  **IT IS FINALLY ORDERED** that to the extent Counts III, IV, and V pertain to

2  Plaintiff Elise Porter's alleged constitutional violations, the Court denies Defendants' motion

3  to dismiss.

4  DATED this 13th day of May, 2010.

James A. Teilborg
United States District Judge