**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elise Porter, individually and on behalf of the estate of Earl Ray Lappe,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Arizona Department of Corrections, et al.,<br><br>　　　　Defendant. | No. CV 09-2479-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants Archuleta, Williams, and Manriquez's Motion to Dismiss (Doc. 35). After reviewing the Motion, Plaintiff's Response (Doc. 38), and Defendants' Reply (Doc. 30), the Court grants the Motion.

**I.　Background and Procedural History**

Plaintiff Elise Porter is the surviving mother of Earl Ray Lappe, who was murdered in Arizona Department of Corrections' ("ADOC") custody on November 13, 2008. The inmates in D-pod were being released for recreation and certain inmates gained entry into Lappe's cell. Audible alerts, sounding when a cell door is not secured, were either malfunctioning or turned off. ADOC officers found Lappe dead in his cell suffering from multiple stab wounds. Plaintiff alleges that Defendants, upon finding Lappe, unreasonably delayed in providing medical care to Lappe. Eventually, a nurse arrived on the scene as well as the Buckeye Fire Department. Lappe was pronounced dead at 1:22 P.M.

Plaintiff Elise Porter, individually and on the part of the estate of Lappe, filed this lawsuit. On May 14, 2010, the Court dismissed several defendants and claims. (Doc. 27 at 8-9). Defendants Manriquez, Archuleta, and Williams now argue dismissal is appropriate because Plaintiff has failed to state a claim for relief against them individually. (Doc. 35 at 7).

**II.     Analysis**

    **A.     Legal Standard: Motion to Dismiss**

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE §1202, pp. 94, 95 (3d ed. 2004)).

This pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129

S.Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). However, in deciding the motion, a court "may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, n.1 (9th Cir. 1998).

**B.     Defendant Manriquez**

Over the course of Plaintiff's entire thirteen-page Complaint, she only references Defendant Manriquez twice. (*See* Doc. 1 at ¶ 17). His apparent involvement in the lawsuit is solely limited to events after Lappe's death. (Doc. 1 at 4) ("Earl finally began receiving medical attention from Officers Williams, *Manriquez*, and Reede.") (emphasis added). On this record, Plaintiff has failed to provide any factual basis for obtaining relief from Defendant Manriquez. Plaintiff alleges neither that Defendant Manriquez was deliberately indifferent in supervising Lappe, nor that he was involved in ADOC's alleged failure to maintain the alarm system. Although Defendant Manriquez attempted to provide medical assistance to Lappe, Plaintiff does not allege he rendered such aid unlawfully or even ineffectively. This claim does not provide Defendant Manriquez "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Accordingly, the Court dismisses the claim against Defendant Manriquez without prejudice.

///

## C. Defendant Archuleta

Defendant Archuleta argues dismissal is appropriate because Plaintiff "does not identify what specific actions he took or failed to take that support a claim against him." (Doc. 35 at 6). The Court previously determined that "any and all causes of action arising out of tort for the actions of ADOC employees may only be brought against the state." (Doc. 27 at 4). Plaintiff's claims against any ADOC employee, including Defendant Archuleta, must arise from a violation of 42 U.S.C. § 1983. Therefore, the Court's analysis is specifically limited to Plaintiff's allegations of deliberate indifference(Counts III, IV, and V).[1]

The Eighth Amendment imposes a duty upon "prison officials to protect prisoners from violence [inflicted by] other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted). A prison official's deliberate indifference to a substantial risk of serious harm violates the Eighth Amendment. *Id.* at 828. However, not "every injury suffered by one inmate at the hands of another translates into constitutional liability for prison officials." *Id.* at 834. To be liable, the defendant must not only have been aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, but also must have actually drawn the inference. *Id.* at 837. The Supreme Court has noted deliberate indifference requires a "sufficiently culpable mind." *Id.* at 834. Although this standard requires culpability greater than mere negligence, intentional acts or omissions are not a requisite element. *Id.* at 834 ("It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.").

Prior to discovering Lappe's body, Defendant Archuleta "performed a face-to-ID check on each inmate in D-Pod to the best of his abilities." The Complaint is unclear as to

---

[1] Plaintiff Elise Porter has yet to be named as the personal representative for Lappe's estate. Following the Court's analysis in the May 13 order, any claims against Defendants Manriquez, Archuleta, and Williams for violations specifically involving Earl Ray Lappe's constitutional rights must be dismissed without prejudice with leave to amend.

1  Defendant Archuleta's conduct and whereabouts until he, along with Defendant Williams, discovered Lappe. The Complaint notes that "Officer Manriquez recalls Nurse Belvins stating that [Lappe] had been dead four to five hours. . . . If this was the case Officers Williams and Archuleta both missed Earl's dead and bleeding body during their routines."

These allegations do not state a cognizable claim for relief. Unlike Defendants Ryan, Larson, Thompson, and Nyswaner, Plaintiff does not allege that Archuleta had any direct involvement in deciding not to use the audible alarm system. Defendant Archuleta's role seems exclusively limited to patrol, absent any policymaking duties or responsibilities. Further, Plaintiff's claim that "Archuleta . . . missed Earl's dead and bleeding body during their routines" does not entitle her relief. Plaintiff has not presented any facts indicating that Defendant Archuleta knew Lappe faced a substantial risk of serious harm. Even if Defendant Archuleta failed to discover Lappe's body for at least four hours, the Court cannot draw conclusions as to *why* this occurred. In other words, Plaintiff fails to provide any factual basis that demonstrates culpability greater than mere negligence.

The Complaint has not provided any plausible explanations as to how Defendant Archuleta knew Lappe faced serious harm. The Complaint does not include allegations that Lappe faced threats or previous attacks from other prisoners. More important, the facts do not indicate Defendant Archuleta knew about such dangers. Defendant Archuleta's discovery of Lappe, along with his possible knowledge of a malfunctioning alarm system, does not properly plead a constitutional violation under Section 1983. Accordingly, the Court dismisses the claim against Defendant Archuleta without prejudice.

**D.  Defendant Williams**

Defendant Williams argues that the claim asserted against him suffers from the same fatal deficiencies. The Court agrees. First, the Complaint fails to allege that Defendant Williams had any involvement in failing to use the alarm system. Defendant Williams was not directly involved in any policy or operating decisions involving the system itself. Second, Plaintiff has failed to provide any plausible basis that Defendant Williams knew Lappe faced a substantial risk of serious harm. He, along with Defendant Archuleta,

1 | discovered Lappe's body shortly before releasing the prisoners for recreation. (Doc. 1 at 3). Like Plaintiff's claim against Defendant Archuleta, the complaint fails to provide any basis to infer Defendant Williams' culpable state of mind.

Plaintiff also describes Defendant Williams' failure "to perform any kind of emergency resuscitation until Lieutenant Nyswaner arrived." (Doc. 1 at 3). Under the Eighth Amendment's proscription of cruel and unusual punishment, Prison officials are required to provide emergency medical care to prisoners. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) ("An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met."). Here, however, Plaintiff fails to assert how Defendant Williams' failure to provide emergency resuscitation constituted deliberate indifference. The Complaint itself notes "Officer Williams . . . missed [Lappe's] dead and bleeding body during their routines." (Doc. # 1 at 4). Plaintiff neither asserts resuscitation would or even could have saved Lappe's life. Accordingly, the Court dismisses the claim against Defendant Williams without prejudice.

**III.  Conclusion**

**IT IS ORDERED** that Defendants Archuleta, Williams, and Manriquez's Motion to Dismiss (Doc. 35) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Archuleta is dismissed without prejudice as a party to this lawsuit.

**IT IS FURTHER ORDERED** that Defendant Williams is dismissed without prejudice as a party to this lawsuit.

**IT IS FURTHER ORDERED** that Defendant Manriquez is dismissed without prejudice as a party to this lawsuit.

DATED this 27th day of July, 2010.

James A. Teilborg
United States District Judge